### Rodney Gove v. Levi B. Blevins.

1. APPELLATE COURT PRACTICE—*Refused Instructions.*—In order to raise in the Appellate Court the refusal of the court below to give instructions asked, such refusal must be assigned as error.

Assumpsit, for work, labor and services. Appeal from the Circuit Court of Henderson County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

KIRKPATRICK & ALEXANDER and J. W. GORDON, attorneys for appellant.

R. F. ROBINSON, attorney for appellee.

MR. PRESIDING JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

Appellee brought this suit before a justice of the peace for wages earned as a farm hand in the employ of appellant. The principal contest was upon a claim of set-off by appellant for $42.50, the price of a mare. The set-off was not allowed, and appellee recovered, both before the justice and on appeal to the Circuit Court, the judgment in the latter court being for $32.17 and costs.

It is claimed in argument that certain instructions asked by defendant were improperly refused, but there is no assignment of error in such action of the court and it can not now be called in question.

The evidence showed that plaintiff worked for defendant at $20 per month, and that he bargained for the mare at $42.50, which he was to pay by his work. He broke the mare and worked her some in his work on defendant's-farm and drove her on the roads, and she was kept on the farm. Before enough wages had been earned to equal the price of the mare there was a disagreement of the parties, and the contract of employment was terminated by mutual consent. They were unable to settle on account of defendant refusing to pay for one week's work. Plaintiff offered to lose three days of that time, but his offer was rejected. Defendant then said that he would trust him for the balance until he earned money to pay it. A few days afterward plaintiff called for the mare, but defendant refused to let him have her, and a subsequent demand accompanied by an offer of ten dollars as the balance due met with a like refusal. Defendant said that the first refusal was because plaintiff said that he had sold her ; and on the last occasion said that he would not listen to anything less than fifteen dollars.

Under this evidence the question for the jury in determining the right to the set-off was whether there was a complete sale of the mare. Defendant had not received her from plaintiff as security for any balance due him, and if there was a completed sale he had no right to refuse possession to plaintiff. There was an inconsistency between his refusal and his claim of such a sale. The mare had been kept on his farm, although plaintiff had broken her and made some use of her while working there; defendant did not recognize any absolute right of plaintiff to her, and we think the jury were justified in finding that the sale was not complete. The judgment is affirmed.